# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **RENIKA BAGGAGE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No.: 1:17-CV-1740-VEH** |
| ) | |
| **ALABAMA DEPARTMENT OF** ) | |
| **HUMAN RESOURCES,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Renika Baggage initiated this lawsuit on October 12, 2017, against Defendant Alabama Department of Human Resources, alleging employment discrimination. (Doc. 1). Baggage is proceeding *pro se* and *in forma pauperis*. (Doc. 1); (Doc. 3).

Baggage perfected service on the Alabama Department of Human Resources on November 2, 2017. (Doc. 6). However, as this Court's Order To Show Cause notes, the Alabama Department of Human Resources never answered, and Baggage never applied for an entry of default. (Doc. 7). The Court ordered Baggage to show cause, by December 22, 2017, why this action should not be dismissed for a failure

to prosecute. (*Id.*). The time to respond to the Order To Show Cause has elapsed with no response from Baggage. Consequently, this action is due to be dismissed without prejudice *sua sponte*.

**II.    ANALYSIS**

As the foregoing procedural history reveals, Baggage ignored a Court order warning her that her case could be dismissed for failure to prosecute. Case law reinforces that, as a result of Baggage's failure to even acknowledge the Court's Order or otherwise indicate an intent to pursue claims against the Alabama Department of Human Resources, the Court possesses the inherent power to dismiss the action *sua sponte*. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see also Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89)); *cf.* FED. R. CIV. P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive

determination of every action and proceeding.") (emphasis added).

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, <u>especially where the litigant has been forewarned</u>, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (emphasis added) (citing *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982)). Here, by virtue of the Order To Show Cause, Baggage was put on notice that the Court was considering whether to dismiss the action for lack of prosecution and, nonetheless, Baggage entirely ignored that warning.

Guided by the foregoing authorities, the Court concludes that dismissing Baggage's action without prejudice is the most appropriate action.

### III. CONCLUSION

By separate order, this case is hereby **DISMISSED WITHOUT PREJUDICE** *sua sponte* due to Baggage's failure to prosecute.

**DONE** this 4th day of January, 2018.

                                                 **VIRGINIA EMERSON HOPKINS**
                                                 United States District Judge